PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Dodge Ram slid on a patch of ice while he was traveling on County Route 21 in Marshall County. County Route 21 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:45 a.m. on February 4,2005, a cold and dry morning. County Route 21 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on County Route 21 when his vehicle slid on a patch of ice. He stated that he had been traveling approximately 15 miles per hour due to the curves on the road. Mr. Landers testified that the water was run-off from a ditch adjacent to the road and that the water covered the entire road. He stated that there was a storm drain in the ditch, but that it was blocked by rocks. Mr. Landers further stated that in December 2004, he had called respondent about a rock fall at this same location and that the rocks had been moved into the ditch by respondent at that time. Claimant’s vehicle slid on the patch of ice and into a guardrail damaging the bumper. Claimant’s vehicle sustained damage totaling $583.95. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 21 at the site of the claimant’s accident for the date in question.
Chris Minor, Highway Administrator 2 for the respondent in Marshall County, testified that he had no knowledge of any water running across County Route 21 at the site of claimant’s accident for the date in question. Mr. Minor stated that there had been a rock slide at this location several months earlier and that the rocks had just been moved out of the road so that traffic could proceed along it.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The State can neither be required nor expected to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated patch on a highway during winter months, or a water patch in summer is generally insufficient to charge the State with negligence. Richards vs. Division of Highways, 19 Ct. Cl. 71 (1992); McDonald vs. Dept. of Highways, 13 Ct. Cl. 13 (1979); Christo vs. Dotson, 151 W. Va. 696, 155 S.E.2d 571 (1967).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the condition in the area of County Route 21 where claimant’s accident occurred and that ice on the road presented a hazard to the traveling public. Respondent had previously moved rocks from the road and placed them in the ditch adjacent to the road, also covering a storm drain. That respondent placed the rocks in this ditch leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the *50 damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.